UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:19-CV-01119 |
| | § | |
| ROSENBERG POLICE DEP'T, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER OF DISMISSAL

### I. INTRODUCTION

Pending before the Court is the defendants', the City of Rosenberg and Rosenberg Police Department ("Rosenberg P.D.") (collectively, the "defendants"), motion to dismiss for failure to state a claim brought pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 13). The plaintiff, John Johnson (the "plaintiff"), has filed a response in opposition to the motion to dismiss (Dkt. No. 21) and the defendants have filed a reply. (Dkt. No. 22). Also before the Court is the defendants', Jeremy Eder ("Eder") and Dallis Warren ("Warren") (together, the "individual defendants"), motion to dismiss for failure to state a claim. (Dkt. No. 14). The plaintiff has filed a response in opposition to the motion (Dkt. No. 26) and the individual defendants have filed a reply (Dkt. No. 28). After having carefully considered the motions, responses, replies, the pleadings and the applicable law, the Court determines that the defendants' motions to dismiss should be **GRANTED**.

### II. FACTUAL BACKGROUND

The plaintiff began working as a patrol officer for the Rosenberg P.D. on January 5, 1999, eventually working his way up to the position of Patrol Sergeant. On April 3, 2017,

however, his employment was brought to a halt when former Lieutenant Jeremy Eder ("Eder") discharged him for having conducted an active-shooter training in February of 2017 at a local movie theater. Eder alleged that the plaintiff's termination was necessary because the active-shooter training exercise compromised the "safety, security and integrity of Rosenberg P.D. and its operation." (Dkt. No. 1 at ¶ 15.). Days later, a Report of Separation of Licensee was filed with the Texas Commission on Law Enforcement, indicating that the plaintiff was dishonorably discharged.

The plaintiff sought to appeal the dishonorable discharge designation with the State Office of Administrative Hearings. Following a comprehensive administrative hearing held on December 20, 2017, the plaintiff's discharge designation was reclassified as an honorable discharge.

On January 15, 2019, the Rosenberg City Council held a special meeting to hear all actions concerning the hiring and firing of police personnel by the police chief so as to ratify them retroactively. All terminations at Rosenberg P.D. from January 1, 2017 to January 15, 2019 were discussed at this meeting. On February 5, 2019, those terminations were officially ratified.

On March 27, 2019, the plaintiff commenced the instant action against the defendants alleging, *inter alia*, that the defendants' act of summarily dismissing him from his position with Rosenberg P.D. without complying with the City of Rosenberg's Charter deprived him of his property interest without due process of law.

The defendants now move to dismiss the plaintiff's complaint for failure to state a claim.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007).

Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).

In *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955).

## IV. ANALYSIS AND DISCUSSION

### A. The Rosenberg P.D. Lacks the Capacity to Be Sued

As a threshold matter, the defendants move to dismiss the plaintiff's claims against Rosenberg P.D for failure to state a claim. Specifically, the defendants maintain that Rosenberg P.D. lacks the capacity to be sued as a party defendant. In his complaint, the plaintiff asserts that Rosenberg P.D. deprived him of certain constitutional rights in violation of § 1983 when it wrongfully terminated him on April 3, 2017, in violation of the City of Rosenberg's Charter.

Ordinarily a party to a lawsuit must have the capacity to sue or be sued. *See* Fed. R. Civ. P. 17(b). Pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, whether an entity has the capacity to sue or be sued is established "by the law under which it was organized." Fed. R. Civ. P. 17(b). In Texas, a plaintiff can only sue a city department if the department "enjoy[s] a separate legal existence." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (citations omitted). Here, the City of Rosenberg is a home-rule municipality. (*See* Dkt. No. 13, Ex. 1; City of Rosenberg, Tex., Home Rule Charter, pmbl.). As a home-rule municipality, it has the authority to establish its own police force. *See* Tex. Local Gov't Code § 341.003 ("A home-rule municipality may provide for a police department."). Although the City of Rosenberg's Charter provides for the establishment and maintenance of a police department, the power to sue and be sued is reserved exclusively to the City. (*See* Dkt. No. 13, Ex. 1; City of Rosenberg, Tex., Home Rule Charter, art. II, § 2.01.). The City of Rosenberg's Charter does not grant Rosenberg P.D. the capacity to engage in separate litigation, nor does § 1983 confer jural

existence on Rosenberg P.D., as an agent of the City. *Id.*; *see also Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (reasoning that under Texas law, county sheriff and police departments generally lack the capacity to be sued in the absence of an express grant of jural authority). Accordingly, the plaintiff's claims against Rosenberg P.D. should be dismissed, as Rosenberg P.D. is *non sui juris* and lacks the capacity to sue or be sued as a separate legal entity.

### B. The Plaintiff Has Failed to State a Due Process Violation

Next, the defendants[1] move to dismiss the plaintiff's § 1983 claims against them for failure to state a claim. To bring suit against a municipality or local governmental entity under 42 U.S.C. § 1983, the plaintiff must show that the municipality deprived the plaintiff of rights guaranteed by the Constitution or federal law as the result of an official policy or custom. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 693 (1978). Stated another way, the plaintiff must assert that "a person acting under color of state law denied [him] a right under the Constitution or federal law." *Stem v. Gomez*, 813 F.3d 205, 210 (5th Cir. 2016) (citing *Martin v. Thomas*, 973 F.2d 449, 452–53 (5th Cir. 1992)).

In this case, the plaintiff contends that the City of Rosenberg had an official policy or custom of terminating police personnel in violation of its City Charter. The plaintiff appears to allege that this policy or custom of summarily dismissing him from his position with Rosenberg

---

[1] "Government officials performing discretionary functions are entitled to qualified immunity from civil liability to the extent that 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). Absent any known constitutional violation, the individual defendants are entitled to qualified immunity.

P.D. without complying with charter provisions deprived him of his property interest without due process of law.[2]

The right to due process requires that any deprivation of life, liberty, or property be preceded by notice and an opportunity to be heard. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). However, an employee must have a constitutionally protected interest in his employment to bring suit against his employer concerning the deprivation of his right to procedural due process. *Id*. The Fifth Circuit has stated the test for alleging a procedural due process claim in the context of a wrongful discharge complaint, as follows:

> a former public employee must allege with particularity: (i) the state or federal law or understanding giving rise to the property interest; (ii) the particular process that plaintiff was entitled to and failed to receive; and (iii) that the official's failure to provide these particular processes violated 'clearly established constitutional law' at the time of the alleged infraction.

*Brown v. Texas A & M Univ.*, 804 F.2d 327, 333 (5th Cir. 1986) (internal citations and quotation marks omitted).

In Texas, a presumption exists that employment is at-will unless that relationship has been expressly altered. *See Muncy v. City of Dallas, Tex.*, 335 F.3d 394, 398 (5th Cir. 2003) (citing *City of Midland v. O'Bryant*, 18 S.W.3d 209, 215 (Tex. 2000)). Thus, the pivotal issue here becomes whether the plaintiff had a property interest in his employment with Rosenberg P.D. "An employee has a property interest in his employment only when a legitimate right to continued employment exists." *McDonald v. City of Corinth, Tex.*, 102 F.3d 152, 155 (5th Cir.

---

[2] The plaintiff, by way of his response in opposition to the defendants' motions to dismiss, seeks to assert, for the first time, a claim for deprivation of an occupational liberty interest. Such allegations, however, are improperly raised in response to a motion to dismiss and are not properly before the Court. Therefore, the Court declines to consider them here. *See Coach, Inc. v. Angela's Boutique*, No. CIV.A. H-10-1108, 2011 WL 2634776, at *2 (S.D. Tex. July 5, 2011) ("Allegations contained in a response to a motion to dismiss are not appropriately considered in a Rule 12(b)(6) motion, which evaluates the sufficiency of the complaint itself and does not consider allegations not contained in the pleadings.").

1996) (internal citation omitted).  A property interest, however, is not incidental to public employment, but rather must emanate from an independent source.  *See Muncy*, 335 F.3d at 398; *see also Cabrol v. Town of Youngsville*, 106 F.3d 101, 105 (5th Cir. 1997) ("The Fourteenth Amendment's Due Process Clause does not create a property interest in government employment." (internal citations omitted)).  A property interest in employment must be created by statute, contract, or an implied contract decided by reference to state law.  *See e.g.*, *Henderson v. Sotelo*, 761 F.2d 1093, 1096 (5th Cir. 1985); *Muncy*, 335 F.3d at 398.

Pursuant to Texas law, home-rule municipalities, such as the City of Rosenberg "may create their own offices and establish policies for determining the 'manner and mode of selecting officers and prescribing their qualifications, duties, compensation, and tenure of office' in their charters."  *Henderson*, 761 F.2d at 1096; *see also* Dkt. No. 13, Ex. 1; City of Rosenberg, Tex., Home Rule Charter, art. II.  Likewise, such home-rule cities may signify, by charter, "whether employment in certain [public positions] is at-will or continuous absent cause for dismissal." *Henderson*, 761 F.2d at 1096.

The Rosenberg Charter does not confer a property right in continued employment.  (*See* Dkt. No. 13, Ex. 1.)  Specifically, Section 4.02(b) of the Rosenberg City Charter states, "the chief of police shall have the power to appoint, discharge and remove all subordinate personnel of the police department, subject to the approval of the city council."  (Dkt. No. 13, Ex. 1; City of Rosenberg, Tex., Home Rule Charter, art. IV, § 4.02(b)).  Indeed, conditioning a city's employee's removal on compliance with certain specified procedures does not create a substantive property interest in continued employment that otherwise does not exist.  *See e.g., Stem*, 813 F.3d at 213; *Henderson*, 761 F.2d at 1096 - 98 (reasoning that a violation of a city charter's procedure requiring "advice and consent" of city commissioners prior to termination

does not create a property interest that does not otherwise exist). Accordingly, the fact that the plaintiff's discharge may have violated certain procedural provisions of the Rosenberg City Charter does not establish a claim for deprivation of property without due process of law. Therefore, the plaintiff's due process claim must be dismissed.

### C. The Plaintiff Has Failed to State a Claim for Intentional Infliction of Emotional Distress Against the Defendants.

Finally, the defendants move for a dismissal of the plaintiff's intentional infliction of emotional distress claim against them on the grounds of governmental immunity. The plaintiff alleges that the defendants acted recklessly and intentionally in firing him and thereby caused him severe emotional distress. (Dkt. No. 1 at 12). To establish a claim for intentional infliction of emotional distress under Texas law, a plaintiff must establish the following elements: "(1) the defendant[s] acted intentionally and recklessly; (2) the conduct was 'extreme and outrageous;' (3) the actions of the defendant[s] caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe." *Gillum v. City of Kerrville*, 3 F.3d 117, 122 (5th Cir. 1993) (quoting *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 306 (5th Cir. 1989) (other citations omitted)).

Ordinarily in Texas, municipalities, such as the City of Rosenberg, have immunity from suit for their acts as well as those of their agents when performing governmental functions such as the hiring and firing of employees. *Robinson v. City of Mesquite*, No. 3:10-CV-1699-N, 2011 WL 13229358, at *3 (N.D. Tex. Sept. 26, 2011) (citing *Gipson v. City of Dallas*, 247 S.W.3d 465, 469 (Tex. App.—Dallas 2008, pet. denied) (citing *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001)). Section 101.021 of the Texas Tort Claims Act ("TTCA"), however, provides a limited waiver of governmental immunity for tort claims in three general categories: "use of publicly-owned vehicles, premise defects, and injuries arising from

conditions or use of property." *Brown v. Montgomery Cnty. Hosp. Dist.*, 905 S.W.2d 481, 483 (Tex. App.-Beaumont 1995). Section 101.057 expressly excludes a waiver of governmental immunity for lawsuits arising out of intentional torts committed by government employees. Tex. Civ. Prac. & Rem. Code § 101.057(2); *see also Gillum*, 3 F.3d at 123.

The TTCA expressly provides that governmental immunity is not waived for this type of intentional tort claim. Thus, the plaintiff's claim for intentional infliction of emotional distress against the City of Rosenberg must be dismissed. Further, since the plaintiff's intentional infliction of emotional distress claim against the individual defendants, Eder and Warren, stem from the same alleged common law violations asserted against the City of Rosenberg, it, too, must be dismissed pursuant to Tex. Civ. Prac. & Rem. Code §101.106(e).[3]

## V.    CONCLUSION

Based on the foregoing analysis and discussion, the defendants' motions to dismiss are **GRANTED**. The plaintiff's request for leave to amend is hereby **DENIED**, as the Court determines amendment to be futile.

It is so **ORDERED**.

SIGNED on this 19th day of August, 2019.

                                                                     Kenneth M. Hoyt
                                                                     United States District Judge

---

[3] Tex. Civ. Prac. & Rem. Code § 101.106(e) specifically provides, "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."